UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT L. SPANN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:10 CV 182 |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Robert L. Spann, Jr., a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 conviction on two counts of child molestation in St. Joseph County. *State v. Spann*, 71D02-0410-FC-359. In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Spann's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Spann's offenses as follows:

> Thirteen-year-old K.S. was a friend of a boy who lived with Spann, his uncle. K.S. spent much time at Spann's house doing chores and playing video and computer games and often spent the night at Spann's house during the summer. When K.S. would spend the night at Spann's house, he would take a shower before going to bed.
>
> On one occasion in August of 2004, K.S. was waiting to take a shower at Spann's house when his friend came out of the bathroom and told K.S. it was his turn. When K.S. went into the bathroom, Spann was already in the shower, naked, and Spann told K.S. to disrobe and get in the shower. K.S. did so. Spann then took a washcloth and soap and proceeded to wash K.S.'s back, buttocks, chest, and finally his penis. After washing K.S.'s penis, Spann asked, "Did it hurt?"

> A few days later, K.S. again was spending the night at Spann's house. Normally, when K.S. spent the night he would sleep in a one-person bed in Spann's bedroom while Spann slept in a separate king- or queen-size bed. On this occasion, however, Spann asked K.S. to get into the big bed with him. Before K.S. got into bed, Spann told him, "Don't wear no boxers, just wear your pajama pants and a shirt." K.S. got into the bed facing away from Spann. Shortly after K.S. got into the bed, Spann put one of his legs over K.S.'s legs, then put his hand down K.S.'s pants and touched K.S.'s penis. Spann did not immediately remove his hand from K.S.'s penis, but when he did, K.S. left the big bed and returned to the small bed.

*Spann v. State*, 850 N.E.2d 411, 413 (Ind. Ct. App. 2006) (internal citations omitted).

Spann was charged with two counts of child molestation, and a jury found him guilty on both charges. *Id.* He was sentenced to an aggregate term of 16 years. (DE # 14-1 at 4.) He appealed, challenging the sufficiency of the evidence and claiming an alleged error in the jury instructions. *Spann*, 850 N.E.2d at 413-15. The appellate court affirmed. *Id.* at 416. Spann did not file a petition to transfer with the Indiana Supreme Court. (*See* DE # 14-3.)

On July 19, 2006, Spann filed a *pro se* petition for post-conviction relief, raising various claims, including that a witness committed perjury; the prosecutor committed misconduct; and the charging information was defective. (*See* DE # 1-1.) The trial court denied the petition following an evidentiary hearing. (*Id.*) Spann appealed, pressing his claims of witness perjury, prosecutorial misconduct, and a defect in the charging information. *See Spann v. State*, No. 71A03-0907-PC-351 (Ind. Ct. App. Feb. 25, 2010), slip op. at 2. The Indiana Court of Appeals affirmed, concluding that Spann had waived his

2

claims by failing to raise them on direct appeal. *Id.* at 5-6. Spann did not file a petition to transfer with the Indiana Supreme Court. (*See* DE # 14-6.)

Thereafter, Spann filed this federal habeas petition raising the following claims: (1) his trial counsel was ineffective; (2) his appellate counsel was ineffective; and (3) the prosecutor committed misconduct by suborning perjury. (DE # 1 at 5.) The petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The

3

exhaustion requirement is premised on concerns of comity, and recognizes that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). Under this narrow exception, the petitioner must establish that "constitutional error has resulted in

the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's, for the state has the benefit of the jury's verdict." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To establish actual innocence, the petitioner must come forward with new, reliable evidence and must persuade the court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

Respondent argues that all of Spann's claims are procedurally defaulted because he did not raise them in one complete round of state review. (DE 15 at 5-9.) The court agrees. The record reflects that Spann did not raise any ineffective assistance claims on direct appeal or on appeal in the post-conviction proceedings. *See Spann*, No. 71A03-0907-PC-351, slip op. at 2; *Spann*, 850 N.E.2d at 413-15. On post-conviction review, Spann raised a prosecutorial misconduct claim, but the Indiana Court of Appeals found this claim to be waived because it was not raised on direct appeal. *Spann*, No. 71A03-0907-PC-351, slip op. at 5. The finding of waiver constitutes a procedural default. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009) (finding of waiver by the state court is an adequate and independent state ground precluding federal review). Additionally, Spann did not seek review in the Indiana Supreme Court on direct appeal or in the post-conviction proceedings, and his failure to present any of his claims to the

5

state's highest court means that they are procedurally defaulted. *Boerckel*, 526 U.S. at 848 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (petitioner who failed to raise his claims in a petition to transfer with the Indiana Supreme Court procedurally defaulted those claims).

In his traverse, Spann asserts that he can establish cause and prejudice to excuse his procedural default because he received ineffective assistance of counsel in his direct appeal. (DE # 19 at 1-5.) Although ineffective assistance of counsel may constitute grounds to excuse a procedural default, the exhaustion doctrine requires that an ineffective assistance claim be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If the ineffective assistance claim being used to excuse a procedural default was itself not properly raised in state court, the petitioner will be "fully defaulted." *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002). As stated above, Spann did not properly exhaust an ineffective assistance claim, and so he has cannot use this as a basis to excuse his procedural default. Furthermore, even if Spann had properly exhausted a claim based on ineffective assistance of counsel on direct appeal, this would not explain his failure to appeal to the Indiana Supreme Court on post-conviction review, when he was proceeding *pro se*. Thus, Spann has failed to establish cause and prejudice to excuse the procedural default of his claims.

Spann also argues that his defaulted claims should be reviewed under the miscarriage of justice exception. (DE # 19 at 5.) His argument on this point is confusing, but he appears to argue that he is actually innocent of the offenses because of a defect in the charging information.[1] (*Id.*) A technical error in the charging information might establish legal insufficiency, but it would not establish that Spann is *factually* innocent of molesting K.S. *See Bousley*, 523 U.S. at 623. Furthermore, regardless of what was contained in the charging information, K.S. testified extensively at trial regarding Spann's conduct, including describing how Spann fondled his penis on two occasions. *See Spann*, 850 N.E.2d at 414.

Spann also appears to argue that even if he touched K.S. as K.S. described, the state did not prove that he did so with the intent to arouse or satisfy his own sexual desires. (DE # 19 at 5.) This is essentially a recasting of a his defaulted sufficiency of the evidence claim and could not establish his factual innocence in any event. *Zavesky v. Miller*, 79 F.3d 554, 556 (7th Cir. 1996) (habeas petitioner's argument that state failed to prove all elements of the crime was a claim of legal error that did not establish actual innocence). Spann has not come forward with any new evidence to establish his actual innocence, and he therefore does not meet the miscarriage of justice exception. *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a

---

[1] It is not exactly clear, but Spann appears to believe the charging information was inconsistent with the victim's statements as reflected in a police report regarding how long Spann touched his penis in the shower. (*See* DE 19 at 5.)

miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Because Spann has not established grounds to set aside the procedural default of his claims, this court cannot grant him federal habeas relief.

For these reasons, the petition (DE # 1) is **DENIED.**

**SO ORDERED**.

Date: January 28, 2011

                                          s/James T. Moody  
                                          JUDGE JAMES T. MOODY  
                                          UNITED STATES DISTRICT COURT